UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL P. O'DONNELL, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>TARA KERSCH, )<br>)<br>Defendant, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU )<br>OF INVESTIGATION, )<br>)<br>Respondent. ) | Case No. 14-cv-3745<br><br>Judge John W. Darrah |

## ORDER

Plaintiff Michael O'Donnell has served on Respondent Federal Bureau of Investigation ("FBI") an Illinois state court citation to discover assets. The FBI moves to dismiss the citation for lack of jurisdiction. For the reasons stated below, that Motion [7] is granted.

## STATEMENT

On April 30, 2014, O'Donnell filed a citation to discover assets to the FBI in the Circuit Court of Cook County, Illinois. On May 21, 2014, the FBI removed the citation to this Court, pursuant to 28 U.S.C. § 1442(a)(1). The FBI now moves to dismiss the citation, arguing that sovereign immunity has not been waived and that, therefore, the state court lacked jurisdiction. Further, the doctrine of derivative jurisdiction requires that "where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction." *Rodas v. Seidlin*, 656 F.3d 610, 615 (7th Cir. 2011) (citation and quotation marks omitted).

O'Donnell raises two arguments. First, he contends that sovereign immunity does not apply in this case because he does not seek money damages from the FBI. (Pl.'s Response ¶ 4.) Yet, O'Donnell does not demonstrate that seeking relief other than money damages somehow grants a state court jurisdiction over the matter. In fact, O'Donnnell only cites a federal statute and a single case,[1] which concerns cases brought against government entities in *federal* court.

---

[1] *Marshall Leasing, Inc. v. United States*, 893 F.2d 1096, 1098 (9th Cir. 1990) ("Appellant sought relief in federal district court").

O'Donnell also argues that a lien against the assets of Defendant Kersch has been created in his favor. This argument, too, fails to address the issue of the state court's jurisdiction over the FBI. Indeed, similar lien arguments have been rejected by the United States Supreme Court when a plaintiff's "goal is to seize or attach money in the hands of the Government as compensation. . . ." *Dept. of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 263 (1999). Moreover, any motion to set aside a declaration of forfeiture must be filed pursuant to 18 U.S.C. § 839(e)(5).

The Circuit Court of Cook County did not have jurisdiction over respondent FBI. Accordingly, as provided by the doctrine of derivative jurisdiction, this Court also does not have jurisdiction. The FBI's Motion to Dismiss the State Court Citation to Discover Assets [7] is granted. O'Donnell's citation to discover assets is dismissed with prejudice.

Date: _____8/27/2014_____          /s/ John W. Darrah
                                       John W. Darrah
                                       U.S. District Court Judge