## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL P. O'DONNELL ) | |
| ) | |
| vs. ) | |
| ) | |
| TARA J. KERSCH, ) | |
| ) | Case No. 14 cv 3745 |
| Defendant. ) | |
| _____ ) | |

## NOTICE OF MOTION

TO:
Ernest Y. Ling
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604

Please take notice that on September 23, 2014 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge John W. Darrah in Room 1203 of the United States Bankruptcy Court for the Northern District of Illinois, Dirksen Federal Building, 219 S. Dearborn, Chicago, IL and then and there present a MOTION TO ALTER OR AMEND JUDGMENT UNDER FRCP 59 and seek the relief prayed for therein.

Name:      Bradley H. Foreman            Attorney for Michael O'Donnell
Address:   900 W. Jackson Suite 7E       City:   Chicago, IL 60607
Telephone: (312) 948-8126

## CERTIFICATE OF SERVICE

I, Bradley H. Foreman, the attorney, certify (a non-attorney, on oath state) on September 10, 2014, I served this document via ECF to all parties who have consented to electronic notice and filing.

                                                    /s/ Bradley H. Foreman

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL P. O'DONNELL )<br>)<br>vs. )<br>)<br>FEDERAL BUREAU OF )<br>INVESTIGATION, )<br>)<br>    Defendant. )<br>) | Case No. 14 cv 3745<br>Judge Darrah |

## PLAINTIFF'S RULE 59 MOTION TO ALTER OR AMEND JUDGMENT

MICHAEL O'DONNELL ("Mr. O'Donnell"), plaintiff herein, by and through his counsel, Bradley H. Foreman, moves this Court for entry of an order pursuant to FRCP 59 Altering or Amending the Order entered on August 27, 2014 [Docket No.20], and in support thereof states as follows:

1. INTRODUCTION. This case arises out of the Federal government's seizure of assets from Tara Kersch ("Kersch") , who was recently convicted of Bankruptcy Fraud. Michael is a creditor of Ms. Kersch. Ms. Kersch filed bankruptcy, and her assets were available for distribution to her creditors. But before the assets could be liquidated, her bankruptcy was dismissed due to her fraud. She had tried to conceal some of her assets from the Court. Had she not committed criminal bankruptcy fraud, her assets would have been liquidated and distributed to her creditors. The federal government was not a creditor. But during the government's investigation of her bankruptcy fraud., the government seized Kersch's assets as evidence of her fraud. Other than for use as evidence, the government had no claim to Ms. Kersch's assets. After seizing Kersch's assets, the government failed to follow federal statutory procedures, and failed to give notice to affected parties. The net result is that Kersch's creditors receive nothing, and the federal government retains her assets even

after failing to adhere to statutory procedures for notice to affected parties of a seizure.

Michael initiated this case by filing a citation to discover assets in state court as a device to reach Kersch's assets in the hands of the government. The federal government then removed the proceedings to this Court, and filed a Motion to Dismiss based on alleged sovereign immunity. Before this Court ruled on the motion to dismiss, Michael filed a Motion to Set Aside Forfeiture pursuant to the federal Civil Asset Forfeiture Reform Act. 18 U.S.C. Sec. 983. Timely notice of this motion was served and filed. The motion was supported by Michael's affidavit.

The parties appeared in Court on August 27, 2014, for ruling on the motion to dismiss and for presentment of the Motion to Set Aside Forfeiture. At Court, the Court announced that it was granting the motion to dismiss. The Court made no ruling at that time on the Motion to Set Aside Forfeiture. The Court then entered a minute order stating that the Motion to Set Aside Forfeiture was "moot." The Court's written order did not address the merits of the Motion to Set Aside Forfeiture. The court stated that "...any motion to set aside a declaration of forfeiture must be filed pursuant to 18 U.S.C. Sec. 839(e)(5)." There is no such statute as "18 U.S.C. Sec. 839(e)(5)." Presumably, the Court intended to refer to the Civil Asset Forfeiture Reform Act, 18 U.S.C. 983. But, as discussed in this motion, Mr. O'Donnell *did* file such a motion in these proceedings.

2. This motion is brought pursuant to Rule 59 of the Federal Rules of Civil Procedure. Rule 59 states:

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the

2

United States.

Motions for reconsideration under Rule 59 may be brought to address manifest errors of law or fact or to present newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001) (*quoting Bank of Waunakee v. Rochester Cheese Sales, Inc*., 906 F.2d 1185, 1191 (7th Cir. 1990).

3. Mr.O'Donnell respectfully submits that this Court made a manifest error of law and/or misapprehended what had been filed in this case. Mr. O'Donnell in fact *had* filed a Motion to Set Aside Forfeiture pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA"). He filed his motion on June 23, 2014. [Docket No. 14] He gave notice of this motion to be presented on August 27, 2014. [Docket No. 17]. Then, on August 20, 2014, Mr. O'Donnell filed his Affidavit supporting the factual assertions contained in his Motion to Set Aside Forfeiture. This is the very motion which the Court, in its order of August 27, 2014, stated should be filed in order to seek to set aside the forfeiture. The Court has not undertaken to consider the merits of the motion.

4. Mr. O'Donnell's Motion to Set Aside Forfeiture was in fact filed pursuant to the federal Civil Asset Forfeiture Reform Act. His motion inadvertently cited the statute as "18 U.S.C. 1981", but the argument, the quotes from the statute, and the case law cited all firmly were based on CAFRA. For example, the following is a direct quote from Mr. O'Donnell's Motion to Set Aside Forfeiture:

3

> *At all times pertinent hereto there was in full force and effect the provision of the "Civil Asset Forfeiture Reform Act of 2000". 18 U.S.C. 1981 et seq. This Court has jurisdiction to hear this motion pursuant to Section (e) which states as follows:*
>
>> *(e) MOTION TO SET ASIDE FORFEITURE.—*
>>
>> *(1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—*
>>
>> *(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and*
>>
>> *(B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.*
>
> *This Court has jurisdiction to review a claim that notice of an administrative seizure and proposed forfeiture was constitutionally deficient under the general federal question statute, 28 U.S.C. § 1331. See Chairez v. United States, 355 F.3d 1099, 1101 (7th Cir.2004); United States v. Howell, 354 F.3d 693, 695 (7th Cir.2004). CAFRA explicitly states that an aggrieved party could move to set aside even a completed forfeiture if notice of the administrative forfeiture proceedings were not received.*

The statutory passage which Mr. O'Donnell quoted was a direct quote from CAFRA, 18 U.S.C. 983(e)(5). This is the very statute which the Court itself intended to reference in its order stating that "...any motion to set aside a declaration of forfeiture must be filed pursuant to 18 U.S.C. Sec. 839(e)(5)." But the Court also inadvertently mis-cited the same statute.

In his Motion to Set Aside Forfeiture, Michael had advanced other arguments clearly intended to refute any defenses that the government might try to asset under CAFRA. For example,

Michael argued that he was an "innocent owner" within the meaning of CAFRA.. He relied on case law which had defined the scope of the "innocent owner" provisions under CAFRA, and stated in his motion that:

> ***Under the statute, a party claiming to be an owner of property sought to be forfeited yet who has not played any part in the alleged illegal activity may seek relief from forfeiture as an "innocent owner" under 18 U.S.C. § 983(d). Under the code's innocent owner defense, relief can be granted if the claimant: 1) did not know of the conduct giving rise to the forfeiture, 18 U.S.C. §983(d)(2)(A)(I); U.S. v. One Silicon Valley Bank Account, 3300355711, in the Amount of One Hundred Thirteen Thousand Nine Hundred Fifty-Two and 62/100 Dollars, 549 F.Supp.2d 940 (W.D. Mich. 2008); or 2) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could have been expected to terminate the such use of the property, 18 U.S.C. § 983(d)(2)(A)(ii); U.S. v. Lot Numbered One of Lavaland Annex, 256 F.3d 949 (10th Cir. 2001)***.

5. The Court made a manifest error of law in stating that Mr. O'Donnell's Motion to Set Aside Forfeiture was moot. A case becomes moot when it no longer presents a case or controversy. "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (*quoting United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). Stated another way, a case is moot when there is no live controversy between the parties on the merits of the underlying claim. *Breneisen v. Motorola, Inc.*, 656 F.3d 701 (7th Cir. 2011).

Mr. O'Donnell filed a proper Motion to Set Aside Forfeiture which was not moot, which presented a live controversy and which should be granted by this Court on the merits. Mr. O'Donnell's Motion to Set aside Forfeiture was filed under 18 U.S.C. 983. Michael Mr. O'Donnell

had and still has a legally cognizable interest to be litigated. This Court was requested to hear his motion under CAFRA and to determine whether the government gave him notice of the seizure. Michael' affidavit asserted that no such notice was given. Thus, pursuant to CAFRA, he has a stake in the assets seized by the government. .

5. Although the numerical citation to CAFRA contained an error, it was not a substantive error. In considering this matter, this Court should also be guided by FRCP 8(e), which states that pleadings should be construed to do substantial justice. As noted by the Seventh Circuit, Fed.R.Civ.P. 8 states that a pleading is sufficient if it contains: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks...." Moreover, "[n]o technical forms of pleading or motions are required" and "[a]ll pleadings shall be so construed [by a district court] as to do substantial justice." *See, Ross Brothers Const. Co., Inc. v. International Steel Services, Inc.,* 283 F.3d 867 (7th Cir. 2002). Here, Michael filed a motion to set aside forfeiture which quoted CAFRA, cited case law on CAFRA, and established that under CAFRA the notice of seizure was inadequate. This was sufficient to place these matters before this Court. *See, e.g., Alexander vs. Unification Church of America*, 634 F.2d 673 (2nd Cir.1980)(if a cause of action is mislabeled but is suggested, such an error is immaterial and not likely to do injustice); *Lomatia v. American Auto. Ins. Co.* (D.C.Conn.1965)(cases should be decided upon their merits rather than upon technical deficiencies in pleadings).

WHEREFORE, Michael O'Donnell prays for entry of an order setting aside the order of dismissal, and setting this matter for further proceedings on the Motion to Set Aside Forfeiture.

**MICHAEL O'DONNELL**
By: /s/ Bradley H. Foreman
His Attorney

Bradley H. Foreman
The Law Offices of Bradley H. Foreman, P.C.
900 West Jackson Blvd.
Suite 7E
Chicago, IL 60607
(312) 948-8126
ARDC #6190545